[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15992

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2006
THOMAS K. KAHN
CLERK

ETHERIA VERDELL JACKSON,

Petitioner-Appellant,

versus

JAMES CROSBY, Secretary,
Florida Department of Corrections,

Respondent-Appellee.

_____

On Appeal from the United States District Court
Middle District of Florida

_____

**(February 2, 2006)**

Before TJOFLAT, BLACK AND CARNES, Circuit Judges.

BY THE COURT:

Before the court is Petitioner's motion for reconsideration of our February

14, 2005 order denying Petitioner's application for a certificate of appealability.

Although an intervening decision of the Supreme Court makes clear that the district court's resolution of Petitioner's motion for relief from judgment relied on an erroneous understanding of the procedural law, the Petitioner's motion for reconsideration is denied because relief under Rule 60(b) is nonetheless unavailable under these circumstances.

## I.

On December 15, 2003, the district court entered a final order denying Petitioner's second amended petition for habeas corpus relief from his state-court conviction and sentence for capital murder. On January 5, 2004, Petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] The motion was denied without explanation in a January 29, 2004 order of the district court. On February 27, 2004, Petitioner filed a notice of appeal and an application for certificate of appealability in the district court. The notice stated that Petitioner was seeking to appeal both the final judgment of December 15, 2003 and the order of January 29, 2004.

In an order dated March 16, 2004, the district court granted a partial certificate of appealability. In the district court's view, Petitioner had

---

[1] Petitioner's motion also asked the district court for alternative forms of relief not relevant here.

demonstrated that the court's ruling on one of his substantive claims for relief—a claim that he should have been resentenced after the Florida Supreme Court determined on direct appeal that the trial court had relied on an improper aggravating factor—was "debatable by jurists of reason." Thus, Petitioner had made the "substantial showing of the denial of a constitutional right" required for the issuance of a certificate of appealability under 28 U.S.C. § 2253(c)(2).

On April 7, 2004, however, we sua sponte dismissed Petitioner's substantive appeal for lack of jurisdiction. Notwithstanding the district court's own doubts about its resolution of the merits of Petitioner's claim, we held that Petitioner's notice of appeal was not timely filed with respect to the final judgment denying his petition. His Rule 59(e) motion in the district court was untimely because Petitioner failed to file it within ten days of the entry of final judgment, as Rule 59(e) requires. Because the Rule 59(e) motion was untimely, it was inoperative to toll the filing period for a notice of appeal of the ruling on the underlying petition, and Petitioner's notice of appeal was filed well after the 30-day deadline from the entry of judgment imposed by Fed. R .App. P. 4(a)(1)(A).[2]

_____

[2] Because the notice of appeal was timely as to the district court's order denying relief under Rule 59(e), we allowed the appeal to proceed from that order, with Petitioner's motion construed as a motion for relief from judgment under Fed. R. Civ. P. Rule 60(b). We allowed the appeal to proceed, despite the fact that no certificate of appealability was issued for the Rule 59(e) ruling, and despite the fact that the panel had already held that the Rule 59(e) motion was not timely filed. That appeal, No. 04-10986-P, has been held in abeyance. In light of our

3

After the substantive appeal was dismissed, Petitioner moved for reconsideration of our order, and we affirmed the dismissal in a July 9, 2004 published opinion. See Jackson v. Crosby, 375 F.3d 1291 (11th Cir. 2004) ("Jackson I"). We rejected Petitioner's argument that his Rule 59(e) motion should be treated as timely under the "unique circumstances" doctrine because of his attorney's good-faith reliance on his interpretation of a local rule of the district court and on the representations of a clerk's office employee regarding the customary application of that rule to Rule 59 motions. See id. at 1298.

Following our dismissal, Petitioner returned to the district court and filed what he styled as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The motion did not identify which subsection of Rule 60(b) was being relied upon, but the gist of the motion was that one of Petitioner's attorneys had been lulled into complacency in filing Petitioner's original Rule 59(e) motion by a long-standing but invalid local rule on the computation of filing deadlines, and that the district court's discretion to grant equitable relief under Rule 60(b) extends to such a situation, even if the "unique circumstances" doctrine does not.

As relief, the motion essentially prayed for the district court to take

decision in this order, and in light of the panel's previous decision regarding that untimeliness of the Rule 59(e) motion, Petitioner's parallel appeal in No. 04-10986-P is DISMISSED.

4

whatever action would be sufficient to restart the filing period for a notice of appeal and allow Petitioner to seek review of the district court's final judgment on the underlying habeas petition. Thus, the motion included the following prayer for relief:

> Mr. Jackson is seeking relief from the filing of the Rule 59(e) motion deemed to be untimely by the 11th Circuit and the filing the Notice of Appeal. Reentry of the order denying the Petition for Writ of Habeas Corpus to allow filing a timely Notice of Appeal therefrom might suffice. If greater action would be required to trigger a new appellate period, Petitioner respectfully urges that this Court would be free to order an evidentiary hearing on one or more of the issues raised in the Petition. In the alternative, this Court could reverse its denial of the issue it certified to be appealable . . . Another possible form of relief would be to convert Petitioner's Motion to Alter or Amend to a Notice of Appeal, given that appeal was inevitable regardless of the outcome of the motion. Petitioner further prays for any other equitable or legal relief which would allow him to appeal his Petition for the Great Writ as was always intended.

On October 27, 2004, the district court dismissed Petitioner's motion for lack of jurisdiction,[3] relying on our then-controlling en banc ruling in Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253 (11th Cir. 2004) (en banc) ("Gonzalez II"). In effect, Gonzalez II held that "district courts do not have . . . jurisdiction to

---

[3] After discussing the jurisdictional issue rather extensively, the district court alternatively denied the Rule 60(b) motion in a one-line statement, saying only, "alternatively, if the Court has jurisdiction, the Rule 60(b) Motion is **Denied**." Although the district court failed to discuss whether the Petitioner would be entitled to Rule 60(b) relief, as we explain below, the complete lack of merit in the Petitioner's Rule 60(b) motion renders a certificate of appealability entirely inappropriate.

5

consider Rule 60(b) motions to reconsider the denial of a habeas petition unless the motion is a 60(b)(3) motion . . . to prevent fraud upon the court." Id., accord Boone v. Sec'y of Dep't of Corr., 377 F.3d 1315, 1317 (11th Cir. 2004) (per curiam).  The reasoning behind this holding was that, aside from a Rule 60(b) motion alleging fraud upon the court, any "attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive [habeas] petition [and therefore] ordinarily should be dismissed by the district court pursuant to [28 U.S.C.] § 2244(b)(4)."[4]  Gonzalez II, 366 F.3d at

---

[4] Section 2244 provides, in part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a proper application for a writ of habeas corpus, except as provided in section 2255.

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

>> (A) the applicant shows that the claim relied on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and

6

1277.

On December 17, 2004, the district court denied Petitioner's application for a certificate of appealability. On February 14, 2005, we issued an order doing the same. Petitioner now moves for reconsideration our February 14 order denying his application for a certificate of appealability.[5] For the reasons discussed below, we deny his motion for reconsideration.

After the district court dismissed Petitioner's Rule 60(b) motion, and after we first denied his application for a certificate of appealability, the Supreme Court on June 23, 2005 rejected the broad rule we had announced in Gonzalez II regarding when a Rule 60(b) motion asking for relief from a final judgment on a habeas petition should be treated as a "second or successive habeas corpus application" under 28 U.S.C. § 2244(b). See Gonzalez v. Crosby, __ U.S. ___,125

---

convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
* * * *
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

[5] Petitioner's motion is styled as a "Motion for Rehearing of Application for Certificate of Appealability." We construe this as a motion for reconsideration of our February 14 order denying Petitioner's application for a certificate of appealability.

7

S. Ct. 2641, 162 L. Ed. 2d 480 (2005) ("Gonzalez III").[6] The Court held that "a Rule 60(b)(6) motion in a [28 U.S.C.] § 2254 case is not to be treated as a successive habeas petition [and thus subject to the precertification requirements of 28 U.S.C. § 2244(b)] if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 2651.

## II.

Normally, when reviewing on direct appeal a ruling relying substantially upon precedent later overruled by the Supreme Court, we would simply remand the case to the district court for reconsideration in light of the intervening Supreme Court decision. Here, however, we lack jurisdiction even to effect a remand until Petitioner is granted a certificate of appealability. It is still the law of this circuit that "a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004) ("Gonzalez II"); see also Lazo v. United States, 314 F.3d 571,

---

[6] While our en banc decision was handed down in three consolidated cases, the Supreme Court granted certiorari only on Gonzalez's petition, and it limited its grant to one question presented in the petition: "Whether the [Court of Appeals] erred in holding that every Rule 60(b) motion (other than for fraud under (b)(3)) constitutes a prohibited "second or successive" petition as a matter of law, in square conflict with decisions of this Court and of other circuits." Petition for Writ of Certiorari, Gonzalez v. Sec'y for the Dep't of Corr., 2004 WL 3106265: see Gonzalez v. Crosby, ___U.S. ___, 125 S. Ct. 961, 160 L. Ed. 2d 896 (2005) (limiting the grant of certiorari to Question 1 in the petition).

574 (11ᵗʰ Cir. 2002), <u>vacated</u> <u>by</u> <u>Gonzalez v. Sec'y for Dep't of Corr.</u>, 326 F.3d

1175 (11ᵗʰ Cir. 2003) ("<u>Gonzalez I</u>").  The Supreme Court did not endorse this

position, but it also did not disturb it.  <u>See</u> <u>Gonzalez v. Crosby</u>, __ U.S. ___, 125

S. Ct. 2641, 2650 n. 7, 162 L. Ed. 2d 480 (2005) ("<u>Gonzalez III</u>").

The question thus becomes whether, as a threshold determination, the

Petitioner is entitled to a certificate of appealability to challenge the district court's

order dismissing, and alternatively denying, his Rule 60(b) motion.  We find that

the Petitioner is not entitled to a certificate of appealability.

As we explained in <u>Gonzalez II</u>, in cases involving denials of Rule 60(b)

motions on procedural grounds without reaching the merits of any constitutional

claims, such as this one, a petitioner will be granted a certificate of appealability

"only if [he] makes <u>both</u> a substantial showing that he had a valid claim of the

denial of a constitutional right, <u>and</u> a substantial showing that the procedural

ruling is wrong," 366 F.3d at 1267, <u>accord</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484,

120 S. Ct. 1595, 1603-04, 146 L.Ed. 2d 542 (2000) (emphasis added).[7]   These two

---

[7] As the Supreme Court held in <u>Slack</u>:
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack</u>, 529 U.S. at 484, 120 S. Ct. At 1604.

"substantial showings," both procedural and substantive, mean that it must be "debatable among reasonable jurists" both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong. See Gonzalez II, 366 F.3d at 1268.

The Court explained in Slack that a court of appeals can only entertain an appeal of the dismissal of a petition on procedural grounds after reviewing the underlying constitutional claims (i.e., whether the habeas claims have any merit), as well as the district court's procedural holding. See Slack, 519 U.S. at 484-85, 120 S. Ct. At 1604. The court is guided, however, by the principle that it will not pass upon any constitutional questions in the record if the case can be disposed of on other grounds, i.e., procedural grounds such as entitlement to relief under Rule 60(b). See id., accord Ashwander v. TVA, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring). In this case, because Petitioner is not entitled to relief under Rule 60(b), neither we nor the district court need reach the constitutional analysis mandated by Slack.

A district court's denial of relief under Rule 60(b) is reviewable for abuse of discretion. See High v. Zant, 916 F.2d 1507, 1509 (11th Cir. 1990), cert. denied, 499 U.S. 954 (1991). A district court by definition abuses its discretion in relying on an erroneous interpretation of applicable law. See Mincey v. Head, 206 F.3d

1106, 1137, n. 69 (11th Cir. 2000); Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326 (11th Cir. 2000).  In this case, while Petitioner can make a substantial showing that the reasoning behind the district court's procedural ruling, which was based on our en banc Gonzalez decision, was wrong due to the recent Supreme Court Gonzalez decision, we nonetheless deny Petitioner's request for a certificate of appealability.  It is clear from the record before us that the Petitioner would not in any event be entitled to relief under Rule 60(b), even though the district court never explicitly discussed Petitioner's alleged grounds for relief from judgment.  See Mincey, 206 F.3d at 1137, n. 69; Alexander, 207 F.3d at 1326; see also Brown v. Head, 349 F.3d 1291, 1294 (11th Cir. 2003) (holding that petitioner was not entitled to a certificate of appealability after he was given an opportunity to rebut findings on the merits of his claims, but was unable to do so).

As highlighted above, Petitioner's Rule 60(b) motion simply urged the district court to take whatever action would be sufficient to restart the filing period for a notice of appeal.  The Petitioner asked the district court to accomplish this task by reentering its order denying his petition for writ of habeas corpus to allow him to file a timely notice of appeal therefrom, or otherwise to use the court's discretionary equitable powers to allow the time to file an appeal to restart after its expiration.  In other words, Petitioner was not asking for relief from any order of

the district court, but was instead attempting to resuscitate the time to file an appeal by asking the district court to circumvent an order from this court dismissing the appeal as untimely.

As such, it would certainly be in error for the district court to grant the relief requested by the Petitioner. See, e.g., Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir. 1975) ("The well-recognized rule . . . precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal.")). This case is similar to the appeal in Dunn v. Cockrell, 302 F.3d 491 (5th Cir. 2002), where the habeas petitioner attempted to gain a second chance at a timely appeal through a Rule 60(b) motion. The Fifth Circuit explained that "[t]he sole basis for the motion was to vacate and re-enter the judgment to allow [petitioner] to file a timely notice of appeal which was not done initially because of the negligence of his attorneys," and as such the petitioner could not use Rule 60(b) as a substitute for a timely appeal. Id. at 492; see also United States v. O'Neil, 709 F.2d 361, 373 (5th Cir. 1983) (holding that Rule 60(b) cannot be used to circumvent the finality of judgments, as where the Rule 60(b) motion "is made after the time for appeal has expired, and the movant neither complains of any denial of a full and fair hearing before the district court nor seeks by the motion to have the district court

alter its ruling, but rather asks only that the order be vacated and reentered.").

We agree with this reasoning. Similar to the claims attempted in <u>Dunn</u>, here the Petitioner is merely aiming to gain a second chance at a timely appeal through the use of a Rule 60(b) motion. This he cannot do. <u>See</u> <u>Gonzalez II</u>, 366 F.3d at 1268; <u>Dunn</u>, 302 F.3d at 492. Petitioner is therefore not entitled to a certificate of appealability from the denial of that motion, and his motion for reconsideration of this court's February 14, 2005 order is accordingly DENIED.

SO ORDERED.