[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 07, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13429
Non-Argument Calendar

_____

D. C. Docket No. 03-21273-CV-KMM

MICHAEL EARLY GREEN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James  Crosby,
BILL DAVIS,
Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 7, 2006)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Michael Early Green, a Florida prisoner proceeding pro se, appeals from the district court's denial of his Fed.R.Civ.P. 60(b)(6) motion to reopen his petition for habeas corpus, 28 U.S.C. § 2254. On appeal, Green argues that the district court relied on Gonzalez v. Sec'y for the Dep't of Corr.,366 F.3d 1253 (11th Cir. 2004) (en banc) ("Gonzalez II"), which held that most Rule 60(b) motions should be characterized as second or successive habeas petitions. He contends that the U.S. Supreme Court has since ruled in Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (affirming this Court on other grounds) ("Gonzalez III"), that such a motion properly may be brought as long as it does not challenge the underlying state court conviction or the district court's resolution of the habeas claim on the merits. Green asserts that he permissibly was attacking a defect in the habeas proceedings because he argued in his Rule 60(b) motion only that he was not served a copy of the magistrate's report and recommendation ("R&R") and, therefore, could not timely file his objections to it.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006). "A district court by definition abuses its discretion in relying on an erroneous interpretation of applicable law." Id.

2

Upon a motion, the district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . or (6) any other reasons justifying relief from operation of the judgment." Fed.R.Civ.P. 60(b).

In Gonzalez III, the Supreme Court held that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." ___ U.S. at ___, 125 S.Ct. at 2651. Although the Court affirmed our ultimate decision in Gonzalez II, it reversed our holding that only Rule 60(b) motions alleging a fraud on the habeas court could be entertained by a district court without being dismissed as second or successive. Id. at ___, 125 S.Ct. at 2644-45, 2650-51.

In the instant case, Green filed a Rule 60(b)(6) motion, requesting that the district court reopen its judgment because he did not receive a copy of the R&R. Green did not raise or reiterate any substantive claims in his Rule 60(b) motion, and he simply asked the district court for the opportunity to address the R&R. Therefore, the motion falls within that group of Rule 60(b) motions that may be

3

addressed by a district court without violating applicable habeas law governing successive petitions.  See  Gonzalez III, ___ U.S. at ___, 125 S.Ct. at 2651.

Accordingly, and as the state concedes we must, we vacate and remand for reconsideration in light of Gonzalez III.

**VACATED AND REMANDED.**