[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11502
Non-Argument Calendar

_____

D. C. Docket No. 99-00415-CR-WPD

DESMOND GEORGE DOUGLAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 14, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Desmond George Douglas, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's denial of his Federal Rule of Civil Procedure 60(b) motion in which he seeks relief from a criminal judgment based on his "actual innocence." He contends that the district court erred by construing his motion as a motion filed under 28 U.S.C. § 2255.

We review the denial of a Rule 60(b) motion for an abuse of discretion. See Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir.), cert. denied, 127 S.Ct. 240 (2006). Rule 60(b) does not provide for relief from the judgment in a criminal case.[1] United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). In other circumstances, a Rule 60(b) motion is treated as a second or successive motion under § 2255, which is subject to the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-32, 110 Stat. 1214 (1996). See Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.1996) (28 U.S.C. § 2254 context).

In this case, the district court did not abuse its discretion in denying Douglas's motion to vacate his criminal judgment under Rule 60(b). As stated above, Rule 60(b) does not provide for relief from a criminal judgment.

**AFFIRMED.**

---

[1] In some limited circumstances, Rule 60(b) can provide relief from an earlier denial of a § 2255 petition. See Gonzalez v. Crosby, 545 U.S. 524, 533-36, 125 S.Ct. 2641, 2648-50, 162 L.Ed.2d 480 (2005).