[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11358
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cv-00218-WTH-KRS

STANLEY MCCRAY,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 2, 2012)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Stanley McCray, proceeding *pro se*, appeals from a district court order

denying his motions, filed under Federal Rules of Civil Procedure 59 and 60(b), for relief from a judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. After review, we affirm.

## I.

McCray is serving a 188-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in 2008 without issuing a certificate of appealability (COA). This court dismissed McCray's appeal from that order as untimely.

Then, in April 2011, he filed a § 2241 petition seeking relief from his sentence under the savings clause of § 2255(e),[1] arguing that the district court erred in sentencing him under the enhanced penalty provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He contended that he was actually innocent of the ACCA enhancement because one of the prior convictions the district court considered to be a violent felony, a conviction for aggravated assault, was actually a misdemeanor. He asserted that, under the Supreme Court's

---

[1] This section permits a prisoner to petition for relief under § 2241 if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

decision in *United States v. O'Brien*, 130 S. Ct. 2169 (2010),[2] his designation as an armed career criminal was a separate offense from his underlying firearm-possession offense and, accordingly, required proof of three violent felony convictions beyond a reasonable doubt.

On June 9, 2011, the district court dismissed McCray's petition, emphasizing that he was not entitled to relief under *O'Brien* because he had not shown that *O'Brien* was retroactively applicable to his case. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion."). *But see Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011) (*en banc*) ("The actual holding of the *Wofford* decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings."), *cert. denied*, 132 S. Ct. 1001

---

[2] In *O'Brien*, the Supreme Court held that the machine-gun provision of 18 U.S.C. § 924(c) — which imposes a 30-year mandatory minimum sentence for a defendant who uses, carries, or possesses a machine gun — is an element of the offense (rather than a sentencing factor) and must be proven beyond a reasonable doubt.  130 S. Ct. at 2174-75, 2178.

3

(2012).

McCray did not appeal from a final judgment of that order, which was entered on the same day.  Instead, on July 18, 2011, McCray filed motions for relief from judgment under Rules 59 and 60(b).  He asserted that his § 2241 petition was based not on *O'Brien*, but on *United States v. Johnson*, 130 S. Ct. 1265 (2010), which he argued applied retroactively to his case.  The district court denied McCray's motions, and this is his appeal of that denial.[3]

## II.

We review for an abuse of discretion the district court's denial of a Rule 59(e) motion to alter or amend a judgment.  *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000).  An abuse of discretion occurs "if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or . . . [makes] findings of fact that are clearly erroneous." *Id.* at 1137 n.69 (alterations in original) (internal quotation marks omitted).

A petitioner must file a Rule 59(e) motion "no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "A court must not extend the time to act under" Rule 59(e).  Fed. R. Civ. P. 6(b)(2).  Here, the district court entered

---

[3] McCray also appealed the district court's June 9, 2011 order and judgment denying his § 2241 petition.  On May 30, 2012, this court dismissed McCray's appeal from that order as untimely.

4

judgment denying McCray's § 2241 petition on June 9, 2011.  McCray filed his Rule 59(e) motion 39 days later, on July 18.  His motion was therefore untimely.  Based on Rule 6(b)(2)'s mandate, the district court did not abuse its discretion in denying McCray's motion.

## III.

We also review for an abuse of discretion the district court's denial of relief under Rule 60(b).  *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006).  A petitioner may obtain relief from a judgment due to:  (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Only the last of these could plausibly apply to McCray's claims.  "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

We conclude that the district court did not abuse its discretion in denying McCray's Rule 60(b) motion.  To the extent McCray continues to argue that he is

5

entitled to relief under *O'Brien*, we disagree. *O'Brien* is factually and legally inapposite: it concerned only the machine-gun provision in 18 U.S.C. § 924(c) and did not address the ACCA at all. 130 S. Ct. at 2178. The district court accordingly did not abuse its discretion in declining to retroactively apply *O'Brien*'s reasoning.

The district court also did not abuse its discretion in finding that *Johnson* did not provide McCray a basis for relief. In *Johnson*, the Supreme Court held that the Florida felony battery offense, which did not have as an element the use of physical force against another, did not necessarily constitute a violent felony for purposes of the ACCA. 130 S. Ct. at 1269-72. McCray does not argue that his felony offense is not a violent felony; rather, he asserts, without any support, that his Florida aggravated assault offense was only a misdemeanor. *Johnson*, which does not concern aggravated assault or address the distinction between felonies and misdemeanors, does not apply to McCray's case. Therefore, because it is not based upon *Johnson*, even assuming McCray's unsupported assertion that his aggravated assault conviction is for a misdemeanor only, that claim could and should have been raised earlier. It therefore does not open the door to relief under § 2255(e)'s savings clause. *Gilbert*, 640 F.3d at 1319.

Lastly, McCray argues for the first time on appeal that the district court

6

impermissibly relied upon arrest records to determine that his convictions were violent felonies under the ACCA.  He cites *Shepard v. United States*, 544 U.S. 13, 26 (2005), in which the Supreme Court held that a sentencing court cannot look to police reports in determining whether a prior conviction qualifies as a violent felony.  But McCray never advanced this argument in his initial § 2255 motion *or* in his subsequent § 2241 petition (brought under the § 2255(e) savings clause), even though the Supreme Court decided *Shepard* before he filed both.  Because "the savings clause [of § 2255] does not cover sentence claims that could have been raised in earlier proceedings," such as McCray's initial § 2255 motion, McCray's argument based on *Shepard* was improper.  *Gilbert*, 640 F.3d at 1319. We therefore decline to address it for the first time on appeal.

Because McCray has not established that the district court abused its discretion in denying his Rule 59 and 60(b) motions, we affirm.

**AFFIRMED.**

7