[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13480
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-14052-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTHONY GIOVINCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 17, 2016)

Before TJOFLAT, HULL and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

In 2009, Appellant Charles Giovinco, a pro se federal prisoner, was sentenced to 235 months' imprisonment for using the internet to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  Giovinco did not appeal his conviction or sentence.  Nor did Giovinco file a 28 U.S.C. § 2255 motion to vacate his conviction and sentence.

Five years later, in 2014, Giovinco filed a pro se a motion in his criminal case seeking relief from the final criminal judgment "pursuant to Rule 60(b)" of the Federal Rules of Civil Procedure.  In his Rule 60(b) motion, Giovinco indicated that he "may at some point choose to prosecute this issue pursuant to a motion under § 2255," but maintained that the current motion was "a properly filed petition pursuant to Rule 60(b)."  As to the merits, Giovinco argued that he was actually innocent of the offense.

The district court denied Giovinco's Rule 60(b) motion.  After review, we affirm.[1]

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. Fed. R. Civ. P. 60(b).  Rule 60(b), however, applies only in civil cases, and a motion under that

---

[1]We review a district court's denial of relief under Rule 60(b) for abuse of discretion. Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006).  We review de novo whether a district court had subject matter jurisdiction to consider a Rule 60(b) motion.  Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).

rule is not a proper way to challenge a criminal conviction or sentence. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding a defendant cannot challenge criminal forfeitures under Fed. R. Civ. P. 60(b)); see also Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts").

Federal courts have an obligation to look beyond the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Before a district court recharacterizes a pro se motion as an initial § 2255 motion, however, the district court must notify the movant of its intention to do so, warn the movant that recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, and provide the movant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Castro v. United States, 540 U.S. 375, 383 (2003).

Here, Giovinco expressly stated that his motion was brought pursuant to Rule 60(b) and not pursuant to § 2255. Consistent with Giovinco's position, the district court did not construe Giovinco's Rule 60(b) motion as a § 2255 motion or provide the required Castro warnings noted above. Given that Giovinco may not use Rule 60(b), a rule of civil procedure, to challenge his criminal conviction and

circumvent the requirements of § 2255, see Mosavi, 138 F.3d at 1366, the district court did not err in denying Giovinco's Rule 60(b) motion.

   **AFFIRMED.**