[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10202
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00058-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LAWRENCE JEBURK,
a.k.a. Chris Lawrence Jeburk,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 5, 2018)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Christopher Jeburk, proceeding pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b)(6) motion, which he filed in his closed criminal case to challenge his convictions on various charges related to bank robbery.

In 1996 a jury found Jeburk guilty of bank robbery, conspiracy to commit bank robbery, possession of a firearm, carjacking, and interstate transportation of a stolen vehicle. He received a prison sentence of life plus five years. He filed a timely notice of appeal and a motion to proceed in forma pauperis in his appeal. The district court held a hearing and denied his IFP motion on the ground that his ability to retain counsel showed that he had enough money to pay for his appeal. The court also noted that, to the extent it could consider the missing proceeds from the bank robbery (around $80,000), it was wrong to ask taxpayers to pay for Jeburk's appeal when he had not disclosed the location of the missing proceeds. In March 1997 we dismissed Jeburk's appeal for want of prosecution because he failed to arrange payment for the transcript. In February 1998 Jeburk filed in the district court a motion for appointment of counsel to represent him in his direct appeal, which the court denied because this Court had already dismissed his direct appeal. About a year after that, we denied Jeburk's motion for appointment of counsel and reinstatement of his appeal.

2

Jeburk filed his initial 28 U.S.C. § 2255 motion in September 1999.  He alleged that errors were made at trial, that he was denied effective assistance of counsel at trial and in his direct appeal, and that he was denied his right to a direct appeal.  Several months later the court denied his motion as time-barred.  Since that dismissal Jeburk has filed various other post-conviction motions challenging his convictions and sentence, all of which have been dismissed or denied as meritless.  In June 2016 he filed a motion to recall the mandate in his direct appeal, which was denied; we also directed the Clerk to accept no further filings in that closed appeal.

In December 2017 Jeburk filed this Rule 60(b)(6) motion in his criminal case.  Rule 60(b)(6) provides for relief from a final judgment for "any . . . reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Jeburk alleged that the district court erred in denying his 1998 motion for appointment of counsel and his initial § 2255 motion because his appellate counsel's alleged ineffective assistance deprived him of a direct appeal in his criminal case.  He asked the court to permit him to file an out-of-time appeal.  The court denied his motion on the grounds that Rule 60(b)(6) does not provide for relief from a criminal judgment and because the motion, filed nearly 20 years after the denial of his initial § 2255 motion, was too late.

The district court did not abuse its discretion in denying Jeburk's Rule 60(b)(6) motion.  To the extent that Jeburk's motion challenges his convictions and

3

sentence, Rule 60(b) "simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). As for his challenge to the district court's denial of his § 2255 motion, Jeburk did not seek, and the district court did not grant, a certificate of appealability, which is required for this appeal. See Jackson v. Crosby, 437 F.3d 1290, 1294 (11th Cir. 2006) ("It is . . . the law of this circuit that a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a 28 U.S.C. § 2255 proceeding.") (quotation marks and alterations omitted). In any event, Jeburk is not entitled to a COA. See id. at 1295 (determining as a threshold matter whether petitioner was entitled to a COA). He cannot use a Rule 60(b) motion to seek an untimely direct appeal in his criminal case. See id. at 1296 ("[T]he [p]etitioner is merely aiming to gain a second chance at a timely appeal through the use of a Rule 60(b) motion. This he cannot do."). And a Rule 60(b) motion must be filed "within a reasonable time," Fed. R. Civ. P. 60(c)(1), but Jeburk provides no explanation as to why he is filing his motion nearly 20 years after the district court denied his initial § 2255 motion.

**AFFIRMED.**