[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15125
Non-Argument Calendar
_____

D.C. Docket No. 4:89-cv-40216-WS-CAS

ERVIN JAMES HORTON,

Plaintiff-Appellant,

versus

RANDALL A. HAND,
J. L. WARD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 23, 2019)

Before WILLIAM PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Twenty-three years after entry of the corresponding final judgment, Ervin James Horton, proceeding *pro se*, filed a Rule 60(b) motion for relief from a final judgment. The district court denied Horton's motion when it adopted a magistrate judge's report and recommendation ("R&R"), to which Horton did not object, recommending that the motion be denied as untimely. Horton now appeals, arguing that his motion should have been granted because he presented newly discovered evidence of fraud committed upon the court. He does not make any arguments, however, challenging the district court's determination that his motion was untimely. For the following reasons, we affirm.

In 1989, Horton filed this action, a prisoner civil rights case under 42 U.S.C. § 1983, in the Northern District of Florida against certain defendants. The district court entered a final judgment in favor of the appellees in this case on May 18, 1994. Over the next two years, Horton sought to set aside that judgment before both the district court and on appeal to this Court, without success.[1]

After 20 years of inactivity on this case's docket, on September 27, 2017, Horton filed a motion under Fed. R. Civ. P. 60(b)[2] for relief from the final

---

[1] This case's docket entries show that this Court dismissed Horton's multiple appeals after he failed to pay the filing fee and denied his attempts to proceed *in forma pauperis* because his appeal was without merit.

[2] Rule 60(b) provides in its entirety:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final

judgment. In support of his motion, Horton alleged he had newly discovered evidence of "a fraud upon the Honorable Court" by the Florida Department of Corrections ("FDOC"). Specifically, he argued that the FDOC and its "employees had . . . no such jurisdiction" to interfere with his personal bank accounts. He also argued that FDOC employees "exercised a fraud of false fabrication" when they alleged that he could not "conduct business while incarcerated when the federal court said otherwise.".  As evidence that the district court should grant his motion, Horton referenced an order entered in a different case on November 18, 1978, wherein the district court stated "that the [FDOC] and or [its] employees lack[ed] all subject matter jurisdiction to exercise any authority within private financial institutions and inmates."  Horton stated that this "newly discovered evidence" of fraud was revealed on February 20, 2015.

---

judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Without requiring a response, the magistrate judge issued its R&R on October 13, 2017, recommending that the district court deny Horton's motion as untimely. The magistrate judge noted that because Horton filed the motion "more than 23 years after the [1994] final order entered in [his] case," the time had "well passed to file a Rule 60 motion." In reaching that conclusion, the magistrate judge construed Horton's motion as falling under Rule 60(b)(2) or Rule 60(b)(3), but not Rule 60(b)(6) (granting relief for "any other reason that justifies relief."). The R&R also did not consider the merits of the motion independent of the timeliness finding. Importantly, the magistrate judge, citing this Circuit's rules, included a "Notice to the Parties" that explicitly warned Horton that he had 14 days to file specific written objections to the R&R and that failure to object would waive his right to challenge on appeal a district court's order based on the unobjected-to factual and legal conclusions in the R&R. *See* 11th Cir. R. 3-1. Horton did not file any objections to the R&R, and on November 14, 2017, the district court adopted the R&R and denied Horton's Rule 60 motion. Horton appealed.

Ordinarily, we review a district court's denial of relief under Rule 60(b) for abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). Under Eleventh Circuit Rule 3-1, however, the failure to object to an R&R "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for

4

objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. "In the absence of a proper objection, however, [we] may review an appeal for plain error if necessary in the interests of justice." *Id.*; *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (2017). "Under plain-error review, a party must show (1) an error occurred; (2) the error was plain; (3) the error affected substantial rights; and (4) failure to correct the error would 'seriously affect the fairness of the judicial proceeding.'" *Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 975 (11th Cir. 2016) (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

Although we construe liberally briefs filed by *pro se* litigants, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). Additionally, our liberal construction of the pleadings does not liberate *pro se* litigants from the requirement to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rule 60(b) allows a district court to relieve a party from a final judgment for multiple reasons. Fed. R. Civ. P. 60(b). The expressly enumerated reasons that could conceivably apply to Horton's allegations are "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "fraud, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)–(3). Further, Rule 60(b)(6) allows the

district court to grant relief for "any other reason that justifies relief" in addition to those expressly listed in subsections (1) through (5).  Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b)(6), however, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  Under Rule 60(b)(6), "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result."  *Id*. (citation omitted).

With respect to the timing of a Rule 60(b) motion, a Rule 60(b)(2) or (3) motion relying on newly discovered evidence or fraud must be made within one year of the entry of final judgment.  Fed. R. Civ. P. 60(c)(1) ("[F]or reasons (1), (2), and (3)" a motion must be made "no more than a year after the entry of the judgment.").  A motion under Rule 60(b)(6) must be filed within a "reasonable time."  *Id*.

Because Horton did not object to the magistrate judge's R&R, under 11th Circuit Rule 3-1 he waived any right to challenge the district court's order on appeal, but we "may review an appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; *Evans*, 850 F.3d at 1257.  Here, the district court did not plainly err in denying Horton's motion as untimely.  Certainly, construed as a Rule 60(b)(2) or (3) motion, the motion was untimely because it was filed well beyond the one-year period in the rule.  *See* Fed. R. Civ. P. 60(c)(1).  Alternatively,

6

construed as a Rule 60(b)(6) motion, the motion was properly denied because Horton did not meet his burden of showing that (1) it was filed within a reasonable time, or (2) "extreme" and "unexpected" hardship would result absent such relief. *See Griffin*, 722 F.2d at 680.  Thus, no plain error occurred because Horton cannot show any of the requisite elements.

Accordingly, the district court's order is

**AFFIRMED.**