[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10596
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20531-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN TELEMAQUE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 23, 2019)

Before WILSON, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Stephen Telemaque, a federal prisoner serving a 180-month prison term, appeals the district court's denial of his Fed. R. Civ. P. 60(b) motion. We affirm.

The 2015 Criminal Case (15-20531)

In 2015 Telemaque was convicted of violations of 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. §§ 111 (a)(1) and (b). He pled guilty to one count under a written plea agreement. He later moved to withdraw his plea; the district court denied the motion to withdraw but permitted Telemaque to challenge relevant sentencing factors. The district court ultimately sentenced Telemaque to 180 months. This Court affirmed the district court's denial of Telemaque's motion to withdraw.

The 2018 § 2255 Motion (18-23516)

In 2018 Telemaque filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel. The district court denied the motion to vacate. This Court declined to grant Telemaque a certificate of appealability to appeal the denial of his § 2255 motion. Telemaque also moved to amend his § 2255 motion, which the district court denied. Telemaque appealed that decision, and this Court has opened a separate appeal (18-14757) with respect to Telemaque's appeal of the district court's denial of his motion to amend his 2018 § 2255 motion. A briefing schedule has been set in appeal No. 18-14757.

Rule 60(b) Motions (15-20531 and 18-23516)

2

Telemaque has now filed identical motions under Federal Rule of Civil Procedure 60(b) in both the 2015 criminal case and the 2018 civil case.  In the 2018 civil case, the district court dismissed for lack of jurisdiction, concluding that the Rule 60(b) motion constituted an unauthorized second or successive § 2255 motion.  Telemaque appealed that order, which was dismissed for want of prosecution.

In the 2015 criminal case, the district court denied the Rule 60(b) motion because the Federal Rules of Civil Procedure cannot be used to seek relief in a criminal case.  This is the appeal of that decision.

This Appeal

We review the denial of a Rule 60(b) motion for reconsideration for abuse of discretion.  Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006).  Rule 60(b) motions may relieve a party from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Rule 60 generally does not provide relief from judgment in a criminal case.  See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

3

A prisoner may file a Rule 60 motion on a "limited basis" to allege a defect in the integrity of his habeas proceedings with respect to the denial of his § 2255 motion. Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007). The Supreme Court, in Gonzalez v. Crosby, explained that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions." 545 U.S. 524, 529 (2005) (quotation marks omitted).[1]

Telemaque raises two alleged defects in his habeas proceedings: (1) that the district court failed to hold his Rule 60(b) motion in abeyance due to United States v. Phifer, 909 F.3d 372 (11th Cir. 2018), and (2) that the district court did not permit him to amend his motion pending the outcome of Phifer. Neither of the actions complained of occurred in the case below, the 2015 criminal case (15-20531). Rather, both Telemaque's request to hold his Rule 60(b) motion in abeyance and the denial of his request to amend occurred in the 2018 civil case (18-23516).

Telemaque has appealed these alleged defects in the wrong proceeding. His first claim should have been raised in his appeal in his civil habeas case where he

---

[1] Although the Supreme Court in Gonzalez noted that it was limiting its consideration to 28 U.S.C. § 2254 cases, we have held that the standard announced in Gonzalez applies to federal prisoner cases as well. See Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), overruled on other grounds by McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc).

filed his request to hold his Rule 60(b) motion in abeyance.  His second claim is at issue in his pending appeal in appeal no. 18-14757, and we decline to address it here.  We accordingly affirm.

**AFFIRMED**.