[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11014

Non-Argument Calendar

_____

MARK W. BENOIT,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cv-02005-GKS-DCI

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Mark Benoit, proceeding *pro se*, appeals the district court's denial of his Rule 59(e) motion to alter or amend an order denying his motion to amend his habeas corpus petition.  On appeal, Mr. Benoit concedes that the substantive claim is unexhausted and untimely.  He also does not argue that the district court erred when it denied his motion to amend.  Instead, he asserts that the district court abused its discretion by failing to exercise equitable discretion to hear his constitutional claim—one he raised for the first time in his Rule 59(e) motion—because a manifest miscarriage of justice was apparent on the face of the record.  Because Rule 59(e) cannot be used to assert arguments that could have been raised before the entry of judgment, we affirm.[1]

I

A Florida jury convicted Mr. Benoit of two counts of sexual battery of a child by a person in familial or custodial authority over that child, three counts of lewd or lascivious molestation, and one count of lewd or lascivious exhibition.  The state court sentenced Mr. Benoit to twenty-five-year terms of imprisonment on all counts, with the sentence for one of the molestation counts—

---

[1] We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision.  As to issues not discussed, we summarily affirm.

Count Three—to run consecutive to the other sentences. Significantly, Count Three alleged that Mr. Benoit unlawfully engaged in sexual activity with a child, specifically by sexual penetration. When answering the special interrogatories to Count Three, however, the jury declined to find that sexual penetration had occurred. Instead, the jury found that sexual contact or "union" had occurred.

After conviction and sentencing, Mr. Benoit filed a direct appeal, motions for post-conviction relief, and a state habeas corpus petition raising a myriad of claims and theories, none of which are relevant to the instant appeal. All were unsuccessful.

In November of 2017, Mr. Benoit filed a 28 U.S.C. § 2254 petition, raising three grounds for relief. As relevant here, in Ground One, Mr. Benoit argued that he was convicted of crimes not contained in the Information because the trial court's instructions to the jury allowed it to convict him of offenses that occurred prior to April 29, 2009, whereas the Information charged offenses occurring only between April 29, 2009 and June 29, 2009. The state responded to Mr. Benoit's petition, urging the district court to dismiss it or deny it with prejudice.

Mr. Benoit replied, requesting that the district court grant him leave to amend Ground One of his habeas petition. In particular, Mr. Benoit sought to amend his petition to argue—for the first time—that he was convicted of a crime not charged in the Information because the jury did not find that the state established that "penetration" had occurred with respect to the events underlying

the charge for Count Three. Rather, the jury only found "union," which does not suffice to support the charge of conviction. The state responded, arguing, among other things, that Mr. Benoit's new legal theory was both unexhausted and untimely.

Mr. Benoit replied that his proposed amendment related back to Ground One because his claim was the same—that he was convicted of a charge not contained in the Information. He said that he sought an amendment only to clarify the issues related to that claim and to cure any pleading defects.

The district court denied Mr. Benoit's petition and his motion to amend. Regarding the motion to amend, the district court found that: (1) Mr. Benoit had until December 7, 2017, to file a federal habeas corpus petition; (2) his motion to amend, filed on August 9, 2018, was untimely; (3) his proposed amendment did not relate back to Ground One of his habeas petition; and (4) he had never raised his new claim in state court.

Mr. Benoit then filed a Rule 59(e) motion requesting that the district court reconsider the portion of its order denying his request to amend Ground One of his habeas petition. In an attached memorandum, Mr. Benoit raised yet another novel claim, asserting for the first time that he was "actually (factually) innocent" of the crime for which he was convicted in Count Three of the Information, which constituted a miscarriage of justice. As such, he could overcome the procedural bars that applied to his motion for leave to amend.

The district court concluded that the record supported Mr. Benoit's new theory that the jury found him guilty of union (not penetration) and that sexual battery could not be established by a digital union under Florida law. Nevertheless, the district court denied Mr. Benoit's motion, finding that Mr. Benoit was raising arguments that could have been presented before the entry of judgment and could not use Rule 59(e) to relitigate the merits of his motion to amend. The district court explained that Mr. Benoit had never argued (1) that he was legally innocent of Count Three in state court; and (2) that he was actually innocent of Count Three in state or federal court prior to the filing of his motion for reconsideration. Mr. Benoit timely appealed.

## II

We review the denial of a Rule 59(e) motion for abuse of discretion. *See Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006); *Mincey v. Head*, 205 F.3d 1106, 1137 (11th Cir. 2000). When reviewing for an abuse of discretion, we generally affirm unless the district court applied an incorrect legal standard, made findings of fact that were clearly erroneous, or committed a clear error of judgment. *See Mincey*, 206 F.3d at 1137.

## A

On appeal, Mr. Benoit concedes that his factual/actual innocence argument was unexhausted and untimely. And he does not argue that the district court erred when it ruled that the proposed amendment to his habeas petition—claiming that he was convicted

of a charge not included in the indictment because the jury found union and not sexual penetration—did not relate back to Ground One of the petition. As a result, that argument is abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (holding that an appellant is "deemed to have abandoned" an argument when he "fails to challenge properly on appeal one of the grounds on which the district court based its judgment"). All that remains, then, is Mr. Benoit's argument that the district court abused its discretion when it denied his Rule 59(e) motion by (1) improperly applying the standard for evaluating Rule 59(e) motions; and (2) failing to recognize it had equitable discretion to hear his procedurally defaulted actual/factual innocence claim because a manifest miscarriage of justice was apparent on the face of the record.

**B**

Rule 59(e) allows a litigant to file a motion to alter or amend within 28 days from the entry of the judgment. *See Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020). The grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (internal quotation marks omitted). A Rule 59(e) motion cannot be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *See Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

In *Arthur*, a death row inmate filed a Rule 59(e) motion to alter or amend a judgment dismissing his § 1983 complaint. *See* 500 F.3d at 1340. In that motion, the inmate argued that the district court should amend its dismissal order because a new affidavit from a witness provided evidence of his innocence. *See id.* at 1342. The district court discredited that affidavit because it was unsworn and incredible and denied the inmate's motion. *See id.* On appeal, we held that the inmate could not show that the district court abused its discretion, not only because the affidavit was properly discredited, but also because it could not be considered "newly discovered" evidence. *See id.* at 1343 (holding the affidavit "could have been discovered during the five years after [the witness] had repudiated his first affidavit, and filed with the complaint."). In other words, we ruled that the district court properly denied the Rule 59(e) motion because the inmate did not point to any newly discovered evidence or any manifest errors of law or fact. *See id.*

Here, Mr. Benoit attempted to raise a new legal argument in his Rule 59(e) motion—that he is "factually (actually) innocent" of Count Three—after the district court had already denied his motion to amend his habeas petition with a separate claim as untimely and procedurally barred. His new claim of factual/actual innocence was not based on the discovery of any new evidence. As Mr. Benoit points out himself, the facts underpinning his new factual/actual innocence claim were already in the record when he filed his direct appeal, his state habeas petition, and his state post-conviction motion. Nor does Mr. Benoit claim that the district

court's decision to deny his motion to alter or amend involved manifest errors of law or fact.

Instead, Mr. Benoit argues that the district court should have allowed him to use a Rule 59(e) motion for the exact aim we have sought to restrain: to raise new arguments or theories that could have been presented prior to the entry of judgment. *See Arthur*, 500 F.3d at 1343. It seems, in fact, that Mr. Benoit sought only to invoke his actual/factual innocence theory once the district court had already rejected his motion to amend, precisely (or at least in part) because he had failed to argue that he was actually innocent of his conviction for Count Three.

Mr. Benoit has failed to meaningfully explain why he never raised this factual/actual innocence theory at any junction prior to his motion for reconsideration. Rule 59(e) is not a vehicle through which litigants may take a proverbial second bite of the apple. That is particularly so where, as here, the "evidence" relied upon is not newly discovered. *See id. See also Fults v. GDCP Warden*, 764 F.3d 1311, 1318 (11th Cir. 2014) (holding that petitioner's fundamental miscarriage of justice claim, raised for the first time on a motion for reconsideration, could not cure procedural defects). As such, the district court did not abuse its discretion when it denied Mr. Benoit's Rule 59(e) motion.

## III

The district court's order is **AFFIRMED.**