[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11004
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20599-WPD-1


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

SEAN DAVID PICKETT,

Defendant–Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 16, 2015)


Before HULL and DUBINA, Circuit Judges, and BOWEN,[*] District Judge.

_____

[*] Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District
of Georgia, sitting by designation.

PER CURIAM:

After a jury trial, Defendant Sean David Pickett was convicted of three counts of receiving child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B).  For his crimes, Pickett was sentenced to120 months' imprisonment.  He now appeals arguing that (1) the evidence adduced at trial failed to prove beyond a reasonable doubt that he knowingly received or possessed child pornography; (2) the district court abused its discretion in allowing a government witness to disclose to the jury an incriminating double hearsay statement allegedly made by his wife; (3) the district court committed plain error by failing to strike the testimony of a government witness that he found a small remnant of what could have been child pornography on an external hard drive; and (4) the district court abused its discretion by allowing into evidence one 59-second video and ten screenshots from the more than seventy child-pornography videos that were found on Pickett's computer. After reviewing the record and reading the parties' briefs, we affirm Pickett's convictions.[1]

## I.

## A.

At the close of the government's case, Pickett moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the

---

[1] Though originally scheduled for oral argument, this appeal was removed from the oral argument calendar by unanimous agreement of the panel.  *See* 11th Cir. R. 34-3(f).

2

government had failed to marshal sufficient evidence to establish scienter—that he knowingly received or possessed child pornography. The district court denied his motion.

We review de novo the district court's denial of a motion for judgment of acquittal challenging the sufficiency of the evidence presented at trial. *United States v. Smith*, 459 F.3d 1276, 1286 (11th Cir. 2006). To determine whether the government adduced sufficient evidence, we review "the evidence in the light most favorable to the government and draw all reasonable factual inferences in favor of the jury's verdict." *United States v. Dulicio*, 441 F.3d 1269, 1276 (11th Cir. 2006). And so long as "a reasonable fact-finder could have determined that the evidence provided the defendant's guilt beyond a reasonable doubt," we must affirm. *Smith*, 459 F.3d at 1286.

We have held that a person "knowingly receives" child pornography in violation of § 2252(a)(2) by intentionally viewing, acquiring, or accepting child pornography on a computer from an external source. *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011). Evidence that a person searched the Internet for child pornography and has images of child pornography on a computer can constitute circumstantial evidence that he knowingly received child pornography. *Id.*

We have also held that a person "knowingly possesses" child pornography in violation of § 2252(a)(4)(B) if he knows that the images in his possession show minors engaging in sexually explicit conduct within the meaning of 18 U.S.C. § 2256(2). *United States v. Alfaro-Moncada*, 607 F.3d 720, 733 (11th Cir. 2010).

3

At the same time, our precedent has long made clear that "the term 'knowingly' means that the act was performed voluntarily and intentionally, and not because of a mistake or accident." *United States v. Woodruff*, 296 F.3d 1041, 1047 (11th Cir. 2002).

Based on our review of the record, we conclude that the evidence introduced by the government, though circumstantial, was sufficient to permit a reasonable juror to find beyond a reasonable doubt that Pickett knowingly received and possessed child pornography.

First, the hard drive of the computer seized at Pickett's house contained evidence from which a reasonable juror could have concluded that Pickett was the computer's primary user. This evidence included the computer's name "Nordsguy PC" and the user name on the computer's login screen "Nordsguy"; an email account named Nordsguy @hotmail.com, which contained emails addressed to Pickett, emails from Pickett, and Pickett's résumé; information about Pickett's employer; as well as the multiplayer Internet video fantasy game Everquest II with which a user named "Nordsguy" and an email address of Nordsguy@hotmail.com had an account.

Second, there was evidence from which a reasonable juror could have concluded that Pickett knowingly downloaded, moved, and viewed child-pornography videos on the computer. For starters, on the dates when the child-pornography videos were downloaded as well as when those files were moved to a hidden folder on the computer's hard drive, the "Nordsguy" account logged into Everquest II's online servers from that computer. Next, in January 2013, Pickett

4

began working 9:00 a.m. to 6:00 p.m. Monday through Friday.  Once he did, the downloading of child pornography occurred either after his workday ended during the week or on the weekend—even though before he began this job, child pornography was frequently downloaded during the day, including during the midafternoon.  Finally, the "open recent" information for a video player on the computer showed that two child-pornography videos had been played, including one that had been moved to the hidden folder on the computer's hard drive.

Accordingly, we hold that the district court's denial of Pickett's motion for judgment of acquittal was not error and is due to be affirmed.

**B.**

Pickett contends that the district court erred by allowing the government's computer-forensic expert to disclose on redirect examination an incriminating double hearsay statement attributed to his wife: namely, that she told an agent executing the search warrant at his house that "they don't have any friends over that use that computer," meaning the one seized pursuant to the search warrant containing more than 70 child-pornography videos and evidence that more than 700 such videos had been downloaded—all with graphically descriptive names, such as "Frifam 1YO" and "Bibcam Blue Orchid, 95, 10YO and 12 suck each other, very cute kids boys."

Here, however, we need not decide whether the district court erred by admitting this testimony or whether the court's two instructions to the jury that they could not consider this hearsay evidence to prove that Pickett, but not his

5

friends, used the seized computer were sufficiently curative. This is because even if we assume that the district court abused its discretion by admitting this hearsay testimony, any such error was harmless.

An erroneous evidentiary ruling warrants reversal only if the resulting error was not harmless. *United States v. Augustin*, 661 F.3d 1105, 1123 (11th Cir. 2011). An error is harmless absent a "reasonable likelihood that [it] affected the defendant's substantial rights." *United States v. Bradley*, 644 F.3d 1213, 1270 (11th Cir. 2011) (alteration in original) (quoting *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1993)) (internal quotation mark omitted). Put differently, an erroneous evidentiary ruling is harmless so long as the entire record reflects that the error did not substantially affect the jury's verdict. *Augustin*, 661 F.3d at 1123.

Having reviewed the record, we conclude that the district court's admission of the hearsay statement could not have substantially affected the outcome of this case. Setting this statement aside, the government's circumstantial case connecting Pickett to the seized computer as well as to the downloading and moving of the graphically named child-pornography videos was sufficiently strong. Thus, we hold that any error the district court may have made in admitting the hearsay testimony was harmless.

## C.

Pickett contends, for the first time on appeal, that the district court erred by not striking the testimony of the government's computer-forensic expert that one of

6

the external hard drives in Pickett's house "may have had—or had remnants of what could have been child pornography, although it wasn't—it wasn't anything that was playable." Although Pickett did not object to this testimony at trial, he now contends that the expert's testimony violates the best-evidence rule and the district court's failure to strike this inadmissible testimony was plain error. We disagree.

To prevail under plain error review, the defendant must show that (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings. *United States v. Flanders*, 752 F.3d 1317, 1333 (11th Cir. 2014), *cert. denied,* No. 14-7642, 2015 WL 303326 (Jan. 26, 2015).

Here, even if we assume that the district court's failure to strike this testimony sua sponte was error and that this error was plain, Pickett still cannot prevail under plain error review. Simply put, he has not shown that the admission of this testimony affected his substantial rights. "The inquiry as to a defendant's substantial rights invokes the 'same language employed in [Federal Rule of Criminal Procedure] 52(a), and in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" *United States v. Arbolaez*, 450 F.3d 1283, 1291 (11th Cir. 2006) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993)). Because we conclude that the computer-forensic expert's equivocal testimony could not have affected the outcome of this case, we hold that the district court did not plainly error by not striking this testimony sua sponte.

7

**D.**

Finally, Pickett contends that the district court committed reversible error by admitting into evidence one video and ten screenshots from the more than seventy child-pornography videos on his computer.  In his view, the video and screenshots were not only highly prejudicial but also unnecessary because he had stipulated that his computer contained images of minors, including prepubescent minors as well as minors who had not reached the age of twelve, engaged in sexually explicit conduct; he also stipulated that the charged offenses had a sufficient interstate-commerce nexus.

We review the district court's evidentiary rulings for an abuse of discretion and will reverse those rulings "only if the resulting error affected the defendant's substantial rights." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003). The district court's discretion concerning relevancy determinations is wide. *Flanders*, 752 F.3d at 1334–35.  Although Federal Rule of Evidence 403 allows for the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice," our precedent recognizes that Rule 403 is an "extraordinary remedy" that should be "invoked sparingly" with "the balance . . . struck in favor of admissibility." *United States v. Elkins*, 855 F.2d 775, 784 (11th Cir. 1989), *quoted in Dodds*, 347 F.3d at 897.  As a result, we review issues under Rule 403 by viewing "the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.*  And we do so cognizant that "limits do exist regarding the quality and quantity of evidence that may be induced" because "Rule 403 demands a

8

balancing approach between the degrees of probative value that a piece of evidence has and its prejudicial effect." *Dodds*, 347 F.3d at 897.

Here, our review of the record persuades us that the district court did not abuse its discretion in striking a balance under Rule 403 and admitting some of the child-pornography videos (or screenshots therefrom) at trial. *See, e.g.*, *Alfaro-Moncada*, 607 at 734; *Dodds*, 347 F.3d at 897. We thus conclude that the district court did not abuse its discretion by admitting into evidence the video and ten screenshots of child pornography.

## II.

After a thorough review of the record and careful consideration of the parties' briefs, we conclude that all of Pickett's allegations of error are meritless. Accordingly, we affirm his convictions for receiving and possessing child pornography.

AFFIRMED.