[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13149
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-24605-WPD,
1:13-cr-20599-WPD-1

SEAN DAVID PICKETT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2021)

Before BRANCH, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Sean David Pickett appeals the district court's order dismissing

his Federal Rule of Civil Procedure 60(b) motion to reopen his 28 U.S.C. § 2255

proceedings. Pickett's Rule 60(b) motion raised two claims for relief: a claim of actual innocence and a claim challenging the district court's denial of his initial § 2255 motion to vacate, set aside, or correct his sentence without first conducting an evidentiary hearing. The district court construed the Rule 60(b) motion as an impermissibly filed successive § 2255 motion and dismissed for lack of jurisdiction. Alternatively, the court denied the Rule 60(b) motion on the merits. On appeal, Pickett argues that the district court erred in dismissing his Rule 60(b) motion as a construed successive § 2255 motion. Specifically, Pickett asserts that the district court erred in not considering his actual-innocence claim because it relied on an extraordinary circumstance in a substantive change in the law created by *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019), and *United States v. Henderson*, 575 U.S. 622, 135 S. Ct. 1780 (2015). Pickett also argues that the district court erred in dismissing his claim relating to the district court's failure to conduct an evidentiary hearing in his previous § 2255 proceedings. After reviewing the record and reading the parties' briefs, we affirm the district court's order of dismissal.

## I.

An indictment charged Pickett with three counts of receiving computer images of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and one count of possessing a computer that contained child pornography, in violation

of 18 U.S.C. § 2252(a)(4)(B), (b)(2).  A jury found him guilty of the charged offenses, and the district court sentenced him to a total term of 120 months' imprisonment.  On direct appeal, we affirmed Pickett's convictions.  *United States v. Pickett*, 602 F. App'x 774 (11th Cir. 2015).  In 2016, Pickett filed a § 2255 motion to vacate, raising numerous claims of ineffective assistance of counsel. The government responded that the evidence against Pickett was so overwhelming that he could not demonstrate that any of his counsel's alleged deficiencies affected the outcome of the trial.  Thus, the government argued that the district court should deny Pickett's § 2255 motion without an evidentiary hearing.

In January 2017, the district court denied Pickett's § 2255 motion without holding an evidentiary hearing, finding that Pickett could not show prejudice from his trial counsel's alleged deficiencies.  The district court also denied Pickett a certificate of appealability ("COA").  Pickett appealed the district court's order denying his § 2255 motion and moved for a COA, which this court denied.  In June 2020, Pickett filed the present motion to reopen his § 2255 proceedings under Rule 60(b)(4) and Rule 60(b)(6).  Pickett argued that the district court's order denying his § 2255 motion without an evidentiary hearing rendered the proceedings defective and denied him an opportunity to be heard, such that the district court did not address his specific claims.  Pickett also claimed that intervening changes in the law established an extraordinary circumstance that justified Rule 60(b)(6) relief

3

because the changes in the law suggested that he was actually innocent of the charges because the government failed to prove that he knew of the pornography on his computer. Pickett further contended that the § 2255 proceedings did not provide him an opportunity to demonstrate ineffective assistance of counsel and present other evidence to support his claim of actual innocence.

The district court dismissed Pickett's motion after construing it as a successive § 2255 motion. The district court found that Pickett's Rule 60(b) motion did not concern a defect in the original § 2255 proceedings and that, thus, it was an improperly filed successive § 2255 motion. The district court stated that its summary denial of Pickett's previous § 2255 motion was proper because Pickett made no good cause showing for discovery, was not entitled to an evidentiary hearing, and did not have any rights violated. The district court also noted that Pickett should have raised his present challenges to the denial of his §2255 motion on appeal after the district court denied the motion. In addition, the district court found that the new changes in the law did not apply to Pickett's case. Alternatively, the district court denied Pickett's motion on the merits and instructed Pickett to petition this court for permission to file a successive §2255 motion. The district court denied a COA, and Pickett then perfected this appeal.

4

## II.

Although we typically review the denial of a Rule 60(b) motion for abuse of discretion, we review *de novo* a district court's decision to construe such a filing as a second or successive § 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Upon a motion under Rule 60(b), "the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons:" (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) the judgment has been satisfied; (6) or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

Rule 60(b) cannot be used to circumvent restraints on filing second or successive § 2255 motions. *Farris*, 333 F.3d at 1216. (citation omitted). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking to file a "second or successive" § 2255 motion must "first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Id.*; 28 U.S.C. § 2255(h). We will treat a Rule 60(b) motion as a successive § 2255 motion when it presents a new ground for relief from a judgment of conviction or attacks the federal court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S. Ct. 2641, 2647 (2005) (addressing a § 2254 habeas petition). "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim" is not a reason

justifying relief because it circumvents the successive petition process.  *Id.* at 531-32, 125 S. Ct. at 2647-48.  A prisoner who has filed a previous § 2255 motion that was denied on the merits must apply for and receive permission from us before filing a second or successive § 2255 motion in the district court.  28 U.S.C. §§ 2244(b), 2255(h).  Without our authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  *Farris*, 333 F.3d at 1216.

However, a Rule 60(b) motion may raise a "defect in the integrity" of a § 2255 proceeding, such as the court's failure to reach the merits of a claim or allege a fraud on the court.  *See Gonzalez*, 545 U.S. at 532, 538, 125 S. Ct. at 2648.  The Supreme Court in *Gonzalez* gave several examples of a proper Rule 60(b) challenge to a prior ruling that precluded a merits determination, listing "a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Id.* at 532 n.4, 125 S. Ct. at 2648 n.4.

We conclude from the record that the district court properly construed Pickett's actual-innocence claim due to a substantive change in the law as an impermissibly filed successive § 2255 motion.  Pickett's claim, predicated on *Rehaif* and *Henderson*, does not address a defect in the original proceedings and only serves to present a new ground for relief.  Allowing Pickett to raise this claim would circumvent the statutory requirement to file an application with us before filing a successive habeas petition on a new rule of law.  Accordingly, the district

6

court correctly concluded that it lacked jurisdiction over the claim, and we affirm in that respect.

### III.

"[A] certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceeding." *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) (quotation marks and brackets removed). We lack jurisdiction to consider an appeal when the petitioner is not entitled to a COA. *Id.* "[I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims, . . . a petitioner will be granted a [COA] only if he makes *both* a substantial showing that he had a valid claim of a denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Id.* at 1295 (quotation marks and brackets omitted). This requires that the issue "must be debatable among reasonable jurists." *Id.* (quotation marks omitted).

In a § 2255 proceeding, "[a] petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quotation marks omitted); *see also* 28 U.S.C. § 2255(b). But "a district court need not hold a[n evidentiary] hearing if the allegations are patently frivolous, based upon unsupported generalizations, or

7

affirmatively contradicted by the record." *Winthrop-Redin*, 767 F.3d at 1216 (quotation marks omitted).

We conclude from the record that the district court erred in construing Pickett's challenge to the district court's decision not to hold an evidentiary hearing as an impermissibly successive § 2255 motion. This challenge is not a new ground for relief but is a challenge to a defect in the original § 2255 proceedings. Thus, it can permissibly be brought in a Rule 60(b) motion.

Nevertheless, because the district court alternatively denied Pickett's evidentiary-hearing claim on the merits, we lack jurisdiction over the appeal as to this portion of the Rule 60(b) motion unless we determine that Pickett is entitled to a COA on the issue. *See Jackson*, 437 F.3d at 1294. We conclude that reasonable jurists would not debate the district court's denial of the evidentiary-hearing claim because Pickett was not entitled to an evidentiary hearing on any of his claims in the original § 2255 motion, as the claims were unsupported, speculative, and frivolous. *See Winthrop-Redin*, 767 F.3d at 1216. Accordingly, for the aforementioned reasons, we deny a COA, and dismiss for lack of jurisdiction in that respect.

**AFFIRMED IN PART, DISMISSED IN PART.**

8