[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11505
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 97-00448-CV-ORL-22-GJK

EDWARD DANE JEFFUS,

                                                    Petitioner-Appellant,

versus

MICKEY RAY,
Warden of FCI-Estill,
BILL MCCOLLUM,
Attorney General of the State of Florida,

                                                    Respondents,

D.B. DREW,
Warden,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Dane Jeffus, a Florida state prisoner, appeals the district court's denial of his motion for relief, filed pursuant to Fed.R.Civ.P. 60(b)(6) ("Rule 60(b)(6)"), from a 1997 judgment dismissing without prejudice his initial petition for a writ of habeas corpus, 28 U.S.C. § 2254, for failure to exhaust all claims. Although the district court denied the Rule 60(b)(6) motion for relief, it nevertheless granted Jeffus a certificate of appealability ("COA") on the following issue:

> Whether Petitioner was entitled to equitable tolling in his second federal habeas petition for the time his first federal habeas petition was pending before the district court and, if so, whether he is entitled to relief from judgment, the reopening of his case, and federal habeas review pursuant to Federal Rule of Civil Procedure 60(b)(6).

On appeal, Jeffus argues that the district court abused its discretion in dismissing his initial § 2254 habeas petition, after the one-year limitations period for filing a federal habeas petition had expired, because he was procedurally barred from raising his unexhausted claims in state court and was not expressly offered the option of amending his initial petition to proceed solely on the exhausted claims. Given the alleged error, Jeffus maintains that he was entitled to equitable tolling of the applicable statute of limitations with respect to his second § 2254

2

federal habeas petition, which was dismissed with prejudice as untimely. Jeffus further argues that reopening federal habeas proceedings would not be futile because his underlying constitutional claim is meritorious.

The denial of a Rule 60(b) motion for relief from judgment is reviewed for abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). An appeal of a grant or denial of a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief, and not issues regarding the underlying judgment. *Am. Bankers Ins. Co. of Florida v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). When reviewing for an abuse of discretion, we must affirm unless the district court applied an incorrect legal standard or made findings of fact that were clearly erroneous. *See Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (addressing the denial of a motion under Fed.R.Civ.P. 59(e)). In addition, in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998); *see Jackson*, 437 F.3d at 1294 (11th Cir. 2006) (holding that a COA is required to appeal the denial of a Rule 60(b) motion from a judgment in a § 2254 proceeding).

Pursuant to Rule 60(b), a party may seek relief from a civil judgment based on a number of specified reasons, including excusable neglect, newly discovered

evidence, and misconduct. *See* Fed.R.Civ.P. 60(b). Under Rule 60(b)(6), the catchall provision of Rule 60(b), a party may also seek relief based on "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). To qualify for relief under this catchall provision, the moving party must "demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation and ellipsis omitted). To reverse the denial of a Rule 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the appellant must demonstrate that the district court was required to grant relief. *Id.*

To the extent that the district court's ruling concerned the dismissal of Jeffus's initial § 2254 habeas petition, the court did not abuse its discretion in denying the requested relief pursuant to Rule 60(b)(6). Given that Jeffus's attempts to challenge the merits of the underlying judgment were consistently denied for over a decade, we cannot conclude that the district court committed a clear error in judgment in denying the instant Rule 60(b) motion.[1] To the extent that the ruling pertained to the dismissal of Jeffus's second § 2254 habeas petition as untimely, which constituted a distinct case, the issue is not properly before us in

[1]     We cannot conclude that Jeffus has demonstrated extraordinary circumstances to warrant relief under Rule 60(b)(6), especially in light of his extended delay and lack of diligence.

4

the present appeal.  Upon review of the record and consideration of the parties'

arguments, we therefore affirm.

**AFFIRMED.**[2]

---

[2]     Jeffus' request for oral argument is denied.