[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12051
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00542-RH-GRJ

EDWARD DANE JEFFUS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 19, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Edward Dane Jeffus, proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus, brought under 28 U.S.C. § 2254, as well as its denial of his motion to alter or amend the judgment brought under Federal Rule of Civil Procedure 59(e).  Jeffus contends the district court erred in concluding it lacked jurisdiction over his § 2254 petition on the basis that the petition was impermissibly second or successive.  In addition, he contends that, even if his petition were impermissibly second or successive, the district court had jurisdiction over his third claim under 28 U.S.C. §§ 2241 and 2255(e).  Finally, he contends the district court abused its discretion by denying his Rule 59(e) motion for the same reasons it erred in dismissing his § 2254 petition.  After review, we affirm.

## I.  DISCUSSION

### A.  Second or Successive[1]

Before a prisoner files a second or successive habeas petition, he must first obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Without such authorization, the district court lacks jurisdiction.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  A dismissal of a § 2254 petition as untimely constitutes a dismissal with

---

[1] We review de novo whether a petition for writ of habeas corpus is successive, such that a district court lacks jurisdiction to consider it without prior authorization.  *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

prejudice on the merits for purposes of restricting a second or successive § 2254

petition. *See, e.g.*, *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353, 1359

(11th Cir. 2007) (denying a petitioner's successive petition after noting the

petitioner's first habeas action was dismissed "with prejudice" for being untimely).

Jeffus, who has had two previous § 2254 petitions dismissed (the latter of

which was dismissed with prejudice as untimely), contends the district court erred

in dismissing his instant § 2254 petition as second or successive. First, he

contends his petition was not second or successive because each of his previous

petitions was erroneously dismissed. This argument lacks merit, and it is based on

premises that have been rejected repeatedly by both the district court and this

Court.[2] Jeffus did not receive an order from this Court authorizing review of any

second or successive petition. Thus, to the extent his instant § 2254 petition was

successive, the district court lacked jurisdiction to consider it.

Jeffus nevertheless contends his instant § 2254 petition was not successive

because the claims raised in it were not yet ripe at the time he filed his two

previous petitions. As we have explained, "the phrase 'second or successive' is not

---

[2] *See, e.g.*, *Jeffus v. Ray*, 377 F. App'x 963 (11th Cir. 2010) (holding that the district court did not abuse its discretion by denying relief under Rule 60(b) as to its dismissal of Jeffus's first § 2254 petition as unexhausted), *cert. denied*, 562 U.S. 969 (2010); *Jeffus v. Sivley*, No. 98-cv-00751, at Docs. 41, 43, 49–51, 55, 60, 65 (M.D. Fla.) (denying relief from dismissal of second § 2254 petition despite arguments that the petition was timely); *Jeffus v. Ray*, No. 97-cv-00448, at Docs. 55, 74, 76, 82 (M.D. Fla.) (denying relief from dismissal of initial § 2254 petition despite arguments that the initial petition should not have been dismissed as unexhausted).

self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). Indeed, we have recognized a small subset of claims that may be raised in a subsequent petition without being categorized as successive. *Id.* at 863. Among that small subset are claims that—because of a nonexistent factual predicate—were not yet ripe when the original petition was filed. *See id.* at 863–65. For example, a claim challenging a sentence enhanced by a prior conviction that is subsequently vacated does not exist until the prior conviction is, in fact, vacated. *See id.*

In contrast, a claim based on a subsequent change in the law will be considered second or successive as long as the factual predicate for the claim existed at the time of the initial petition. Such a claim may nevertheless be pursued, but under the Antiterrorism and Effective Death Penalty Act (AEDPA), the claim must be based on a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court. 28 U.S.C. § 2244(b)(2)(A). Moreover, permission to raise such a claim must first be obtained from the court of appeals. *Id.* § 2244(b)(3)(A).

Jeffus contends Claims 1 and 3 were not ripe when his previous petitions were filed, because he filed the petitions before he was transferred to state custody. This contention is meritless. The factual predicates for both claims—that his state sentence was enhanced by a prior federal conviction that was unconstitutionally

4

obtained and that his state sentence was otherwise obtained or sustained in violation of the Constitution—existed (at the latest) when his state conviction and sentence became final. Being in state custody was not a factual predicate necessary for either challenge.

Likewise, Jeffus's contention that his claims were not ripe because the PSI Report was not made part of the record until 2015 lacks merit. The factual predicate for his state sentence necessarily existed at the time of his sentencing. To the extent Jeffus contends he could not with reasonable diligence ascertain the factual predicate for his state sentence until 2015, his claim would still be successive. *See id.* § 2244(b)(2)(B)(i).

Jeffus further contends that Claim 1 was not yet ripe when his previous petitions were filed, because the Supreme Court had not yet issued its opinion in *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394 (2001). Jeffus conflates claims based on previously non-existent factual predicates, which might not be successive, with claims based on previously non-existent legal precedents, which are both successive and specifically addressed by AEDPA. *See id.* § 2244(b)(2)(A). The district court did not err in determining that Claims 1 and 3 were successive.

Claim 2, which alleges an unconstitutional deprivation of access to the courts, is based on events that occurred both before and after Jeffus filed his

5

previous § 2254 petitions.  Specifically, Jeffus challenges certain aspects of his convictions, sentences, and post-conviction habeas proceedings.  To the extent Claim 2 was aimed at issues that arose before his convictions and sentences became final, Claim 2 is successive for the same reasons discussed above with respect to Claims 1 and 3.  To the extent his claims are instead based on alleged defects in subsequent habeas proceedings, they are not cognizable under § 2254 because they do not undermine the legality of Jeffus's detention or conviction by the state.  *See Alston v. Dep't of Corr.*, 610 F.3d 1318, 1325 (11th Cir. 2010) ("Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but an alleged defect in a collateral proceeding does not state a basis for habeas relief." (quotation omitted)); *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."), *cert. denied*, 558 U.S. 995 (2009).  Accordingly, the district court did not err in concluding it lacked jurisdiction to review Jeffus's petition under § 2254.

*B.  Jurisdiction under §§ 2241 and 2255(e)*[3]

Jeffus next contends that, even if his claims are impermissibly successive, the district court had jurisdiction over Claim 3 to the extent it challenged the

---

[3] We review de novo whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e).  *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc), *cert. denied sub nom McCarthan v. Collins*, 138 S. Ct. 502 (2017).

execution of his sentence.  This argument fails for at least two reasons.  First, Jeffus is not eligible for relief under § 2255(e) because the instant § 2254 petition was filed after both his federal sentence had expired and he was released from federal custody.  *See* 28 U.S.C. § 2255(a) (stating that § 2255 applies only to prisoners "in custody" under a sentence from a federal court); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc) (holding that a *federal* prisoner may proceed under § 2241 via § 2255(e) only when: (1) challenging the execution of his sentence; (2) the sentencing court is unavailable; or (3) practical considerations might prevent him from filing a § 2255 motion), *cert. denied sub nom McCarthan v. Collins*, 138 S. Ct. 502 (2017).

Second, even if § 2255(e) relief were available to a state prisoner whose federal sentence had fully expired, Jeffus would be ineligible for relief because he challenges the imposition—rather than the execution—of his sentence.  Jeffus contends the state violated the constitution by *imposing* a sentence that ran consecutive to his federal sentence.  He does not complain about the manner in which the state went about *executing* the sentence once imposed.  *See McCarthan*,

7

851 F.3d at 1092–93 ("A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations."). The district court did not have jurisdiction to consider Jeffus's § 2254 petition under §§ 2241 and 2255(e).

*C.  Rule 59(e)*[4]

Finally, Jeffus contends the district court abused its discretion by denying his post-dismissal motion, brought under Federal Rule of Civil Procedure 59(e), seeking to alter or amend the judgment of dismissal.  A Rule 59 motion may only be granted on the basis of newly-discovered evidence or manifest errors of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Id.* (alterations removed and quotation omitted).  Although Jeffus cast his arguments as pointing out manifest errors of law and fact, he did nothing more than seek to relitigate the issues decided against him through arguments he either made or could have made before entry of judgment.  *Id.*  The district court did not abuse its discretion by denying Jeffus's Rule 59(e) motion.

---

[4] We review the denial of a Rule 59(e) motion for an abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

## II.  CONCLUSION

The district court correctly determined it lacked jurisdiction over Jeffus's

§ 2254 petition, and it did not abuse its discretion by denying Jeffus's Rule 59(e)

motion seeking to alter or amend its judgment of dismissal.

**AFFIRMED.**