[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10606
Non-Argument Calendar
_____

D.C. Docket Nos 1:16-cv-23062-PCH,
1:03-cr-20129-PCH-1

NEVIA ABRAHAM,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 28, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

        In February 2018, the district court denied Nevia Abraham's second 28

U.S.C. § 2255 motion and issued a certificate of appealability (COA) on the issue

of whether Abraham could challenge his sentence under the Armed Career Criminal Act (ACCA). At the time, Abraham was represented by the Federal Public Defender's (FPD) office. A copy of the order was mailed to Abraham and counsel in February 2018. Counsel did not file a notice of appeal, nor did she communicate further with Abraham. She ultimately terminated her employment with the FPD's Office in late 2018. In November 2018, Abraham learned that no appeal was pending when he contacted the Clerk in this court seeking to expand the COA. Abraham then filed, through counsel, a motion in district court under Fed. R. Civ. P. 60(b), asserting that a timely notice of appeal was not filed due to excusable neglect. The district court granted the Rule 60(b) motion and reentered its February 2018 order denying Abraham's motion to vacate and granting a COA. Abraham filed a notice of appeal.

We ordered the parties to address whether we have jurisdiction to review the 2019 order granting Abraham's Rule 60(b) motion and reentering the denial of his § 2255 motion. Abraham argues that his attorney abandoned him, and he cannot be held responsible for his attorney's conduct under *Maples v. Thomas*, 565 U.S. 266 (2012). Further, he asserts that the district court relied on Rule 60(b)(6), which, he claims, allows the district court to grant reopening of a final judgment upon a finding of extraordinary circumstances. The government responds that we lack jurisdiction because Rule 60(b) cannot cure an untimely appeal and argues

2

that *Maples* does not apply to a statutory, jurisdictional deadline. We agree with the government and dismiss the appeal for lack of jurisdiction.

I

We review de novo the interpretation of the rules of federal procedure and jurisdictional issues. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We review for abuse of discretion the grant or denial of a motion for relief from judgment under Rule 60(b). *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012).

II

"Federal Rule of Appellate Procedure 4(a) prescribes strict time limits for filing a notice of appeal after entry of a final judgment or order by the district court." *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1308 (11th Cir. 2002). In a civil case where the United States is a party, the appellant must file a notice of appeal no later than 60 days after the challenged order or judgment is entered on the docket. Fed. R. App. P. 4(a)(1)(B)(i). A district court may not extend the time to file a notice of appeal, except as authorized by Rule 4. Fed. R. App. P. 26(b); *see* Fed. R. App. P. 4(a)(5) (permitting a district court to extend the time to file a notice of appeal for excusable neglect or good cause if a motion is filed within 30 days after the initial period expires); Fed. R. App. P. 4(a)(6) (allowing a district court to reopen the time

3

to file an appeal if a party entitled to receive notice of the judgment or order fails to receive such notice).

The statutory time limit for filing a notice of appeal is a jurisdictional requirement in civil cases. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Thus, "[f]ailure to comply with a jurisdictional time prescription . . . deprives a court of adjudicatory authority over the case, necessitating dismissal." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017). The Supreme Court has held that courts have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles*, 551 U.S. at 213–14 (overruling the "unique circumstances" doctrine, which allowed a petitioner to file an untimely notice of appeal if the court affirmatively misled him).

In contrast, procedural default is not jurisdictional, but rather is an affirmative defense that is subject to waiver by the government. *See Howard v. United States*, 374 F.3d 1068, 1073 (11th Cir. 2004) (concluding that a § 2255 movant's claim was "procedurally barred, unless the government is itself barred from raising that affirmative defense"). In *Maples*, the Supreme Court held that a 28 U.S.C. § 2254 petitioner had presented extraordinary circumstances to excuse the procedural default of his claim because his attorney had completely abandoned him and failed to appeal the denial of his state postconviction relief petition. 565 U.S. at 271, 289.

Rule 60(b) provides that a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect," . . . or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). We have acknowledged the "well-recognized rule [that] precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993); *see also Jackson v. Crosby*, 437 F.3d 1290, 1296 (11th Cir. 2006) (affirming that an appellant generally cannot "gain a second chance at a timely appeal through the use of a Rule 60(b) motion"); *but see Harnish v. Manatee Cty.*, 783 F.2d 1535, 1538 (11th Cir. 1986) (affirming, before the Supreme Court's decision in *Bowles*, the district court's grant of a Rule 60(b) motion to reopen the time to appeal, where the parties failed to receive actual notice of the judgment until after the time for appeal had passed, and the moving party had relied upon express assurances from the court that no judgment had been entered).

## III

Because the statutory time limit for filing a notice of appeal is jurisdictional, we have no authority to create an equitable exception to that requirement. *See Bowles*, 551 U.S. at 213–14. Thus, Abraham is not entitled to relief under *Maples* based on extraordinary circumstances regarding his counsel's negligence. *See* 565 U.S. at 289. Moreover, our prior precedent generally prohibits granting relief

5

under Rule 60(b) solely for the purpose of reentering the judgment and restarting the time to appeal. *See Cavaliere*, 996 F.2d at 1115; *Jackson*, 437 F.3d at 1296. Accordingly, we lack jurisdiction to review the February 2018 denial of Abraham's second § 2255 motion, notwithstanding the district court's February 2019 order granting his Rule 60(b) motion and reentering the judgment. We therefore dismiss Abraham's appeal for lack of jurisdiction.

    **DISMISSED.**