[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13698
Non-Argument Calendar

_____

D.C. Docket No. 2:00-cr-00347-LSC-JHE-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus

MARIO ANTON LEE,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 17, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mario Anton Lee, proceeding pro se, appeals the district court's order denying his Rule 60(b) motion for relief from a denial of his motion to vacate under 28 U.S.C. § 2255, motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), and motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government moves for summary affirmance. We grant the government's motion in part and deny it in part.

**I**

Summary disposition is warranted where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

**II**

We conclude that there is no substantial question that Mr. Lee's appeal of the district court's denial of his Rule 60(b) motion fails.

First, some of the claims that Mr. Lee raised in his Rule 60(b) motion (e.g., ineffective assistance of counsel) attempt to relitigate the substantive claims he had raised in his § 2255 motion, and which the district court had rejected. Those claims attack the district court's resolution of his § 2255 motion on the merits. They therefore constitute a second or successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). For those claims, Mr. Lee was required to obtain from us an order authorizing the district court to consider his second or successive § 2255

2

motion. *See Williams v. Chatman*, 510 F.3d 1290, 1294–95 (11th Cir. 2007); 28 U.S.C. § 2244(b)(3). He did not do so, and consequently the district court lacked jurisdiction to consider them. *See id.*[1]

Second, we acknowledge that some of Mr. Lee's claims arguably do not attack the district court's merits resolution of his § 2255 motion. Such claims may not constitute a second or successive § 2255 motion. *See Gonzalez*, 545 U.S. at 532 n. 4. For us to review those claims, however, Mr. Lee would need a certificate of appealability ("COA"). *See Jackson*, 437 F.3d 1294. The district court did not grant him one. Mr. Lee has moved us to grant him a COA, but he did so months after filing his brief on appeal, numerous motions, and his reply to the government's motion for summary affirmance. On the other hand, the government has not objected to the timing of Mr. Lee's motion, and, in any event, "we routinely construe a defendant's notice of appeal as a motion for a COA." *United States v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008).

In the end, whether we construe Mr. Lee's notice of appeal as a motion for a COA or focus instead on his formal motion, we reject his request for a COA. We

---

[1] A certificate of appealability generally is a jurisdictional prerequisite to appeal the denial of a Rule 60(b) motion for relief from a judgment in a § 2255 proceeding. *See Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006); 28 U.S.C. § 2253(c). But no certificate of appealability is required for us to review a district court's jurisdictional dismissal. *See Williams,* 510 F.3d at 1294–95. *See also Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

3

have held that where a district court denies a Rule 60(b) motion on procedural grounds, "a petitioner will be granted a certificate of appealability only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Jackson*, 437 F.3d at 1295. Here, the district court denied Mr. Lee's Rule 60(b) motion because, among other reasons, he had not made it "within a reasonable time," as required by Rule 60(c)(1). *See* Fed. R. Civ. P. 60(c)(1). We agree.

Mr. Lee filed his Rule 60(b) motion over 13 years after the denial of his § 2255 motion. And none of the arguments that he raises to allege compliance with the "within a reasonable time" requirement justify the more than 13-year delay. In short, Mr. Lee has not made a substantial showing that the district court's procedural ruling is wrong.[2]

---

[2] Our holding is independent of whether Mr. Lee's motion is construed as a motion under Rule 60(b)(1), as the district court understood it, or Rule 60(b)(6) as Mr. Lee's motion and brief on appeal often suggest. Rule 60(c)(1) applies to motions filed under both provisions.

Separately, Mr. Lee has forfeited any argument based on the premise that his motion was a Rule 60(b)(4) motion for relief from a void judgment. *See* Fed. R. Civ. P. 60(b)(4). In his brief on appeal and in his reply to the government's motion for summary affirmance, Mr. Lee invokes Rule 60(b)(4) and argues that Rule 60(c)(1)'s "within a reasonable time" requirement does not apply to Rule 60(b)(4) motions. But in the district court Mr. Lee did not invoke Rule 60(b)(4) nor argue that the court's order on his § 2255 motion was void for lack of jurisdiction, as he does on appeal. Therefore, he has forfeited any argument based on the premise that his was a Rule 60(b)(4) motion. *See Access Now, Inc. v. S.W. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

For the foregoing reasons, we grant the government's motion for summary affirmance of the district court's denial of Mr. Lee's Rule 60(b) motion.

### III

On the other hand, we deny the government's motion for summary affirmance as to the district court's denial of Mr. Lee's § 3582(c)(2) motion. We previously affirmed an order relating to an earlier § 3582(c)(2) motion by Mr. Lee. *See United States v. Lee,* 820 F. App'x. 998 (11th Cir. 2020). That opinion, the government contends, barred the district court from reconsidering its prior order under the law-of-the-case doctrine. We do not see, however, the government's position as so "clearly right as a matter of law . . . that there can be no substantial question" about it. *See Groendyke*, 406 F.2d at 1162.[3]

Under the law-of-the-case doctrine, an appellate court's findings of fact and conclusions of law are binding in all subsequent proceedings in the same case. *See This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). In effect, "the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication." *See id.* "An

---

[3] Mr. Lee labeled his motion a "Petition to Recall the Mandate," but the district court construed it as a § 3582(c)(2) motion. In his brief on appeal, Mr. Lee does not challenge that understanding. In his reply to the government's motion for summary affirmance, however, Mr. Lee argues that the district court erred by recharacterizing his motion without providing him notice or an opportunity to correct or withdraw it. We need not rule on that argument at this juncture, and for clarity we refer to his motion as a § 3582(c)(2) motion.

5

argument is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument." *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

In the § 3582(c)(2) motion underlying the present appeal, Mr. Lee argued that the district court miscalculated his amended Sentencing Guidelines range when granting his earlier § 3582(c)(2) motion. The government contends that in the appeal of that earlier motion, Mr. Lee argued that the district court should have held a hearing because it had miscalculated his amended Sentencing Guidelines range. We held that the district court was not required to hold a hearing on the § 3582(c) motion. *See Lee,* 820 F. App'x. at 999. So, the government says, we rejected Mr. Lee's miscalculation argument by necessary implication.

After reviewing the parties' briefs from Mr. Lee's prior appeal and our opinion, we are not as sure as the government. Liberally construed, *see Jones v. Fla. Parole Commn.*, 787 F.3d 1105, 1107 (11th Cir. 2015), Mr. Lee arguably alleged that the district court should have held an evidentiary hearing because the judge considering his motion was not the one who had originally sentenced him. The failure to grant a hearing, in turn, resulted in the alleged miscalculation. In any event, our holding was generic, reaffirming that district courts are not required to hold evidentiary hearings in § 3582(c) proceedings as a general matter. *See Lee,* 820 F. App'x. at 999. *See also United States v. Caraballo-Martinez*, 866 F.3d 1233, 1249

6

(11th Cir. 2017). That holding was in line with the government's primary argument in the earlier appeal that district courts are not required to hold hearings in § 3582(c) proceedings. In the context of the heightened standard for summary disposition, we cannot conclude that our prior holding is inconsistent with the argument that the district court miscalculated Mr. Lee's amended Sentencing Guideline range. The government may be right about the law-of-the-case doctrine, but not so clearly that summary affirmance is appropriate.

Accordingly, we deny the government's motion for summary affirmance of the district court's denial of Mr. Lee's § 3582(c)(2) motion.

## IV

Finally, we agree with the government that Mr. Lee has abandoned the issue of whether the district court erred in denying his motion for compassionate release under § 3582(c)(1)(A).

In addition to his Rule 60(b) and § 3582(c)(2) motions, Mr. Lee also filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the district court denied. In his brief on appeal, however, Mr. Lee does not challenge that denial. Mr. Lee raises his challenge only in his reply and in a later pleading titled "Reply Brief-To Amend to Clarify or Amplify the Original."

Mr. Lee has abandoned that *and* every other issue not raised for the first time in his brief on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)

7

("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned. Moreover, we do not address arguments raised for the first time in a pro se litigant's reply brief.") (citations omitted). Thus, we grant the government's motion for summary affirmance of the district court's denial of Mr. Lee's motion for compassionate release.

**V**

**A**

In addition to his motion for a COA, which we DENY, Mr. Lee has also filed a series of pleadings and/or motions, which we resolve as follows:

- We DENY Mr. Lee's "Reply Brief-To Amend to Clarify or Amplify the Original," to the extent it is intended as a motion to amend or supplement his brief on appeal.

- We DENY AS MOOT Mr. Lee's "Petition for Oral Argument," to the extent it requests oral argument prior to summary affirmance.

- We DENY AS MOOT Mr. Lee's "Petition for Oral Arguments/ Appointment of Counsel/ In the Interest of Justice," to the extent it requests oral argument prior to summary affirmance, and we DENY it to the extent it asks that Mr. Lee be appointed counsel.

- We DENY Mr. Lee's "Petition for Release Bond/Bail Pursuant to U.S.C.S. 3142."

- We DENY Mr. Lee's "Petition For Release Of Bail Pending Resolution — In The Interest Of Justice Pursuant To Compassionate — Release."

- We DENY Mr. Lee's "Petition For Oral Argument In The Interest Of Justice Pursuant To Sworn Declaration."

8

**B**

We GRANT the government's motion for summary affirmance of the district court's denial of Mr. Lee's Rule 60(b) motion and motion for compassionate release. We DENY it in all other respects. The government's brief is due within 30 days of the filing of this opinion.

**MOTION FOR SUMMARY AFFIRMANCE GRANTED IN PART AND DENIED IN PART**.